IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TFG-NEW JERSEY, L.P., a Utah limited liabiliity company,<br><br>    Plaintiff,<br><br><br><br><br>    vs.<br><br><br><br>MANTIFF JACKSON NATIONAL HOSPITALITY LLC, a New Jersey limited liability company; FAGUN R. DHARIA, an individual; PARU F. DHARIA, an individual; MANTIFF MANAGEMENT, INC., a New Jersey corporation; PRIORITY OUTSOURCE, INC. dba GCR CAPITAL, a Florida corporation; JOHN B. GRANT, an individual; LARRY CARVER, an individual; CARVER & ASSOCIATES, INC., a Georgia corporation; and DOES 1 through 10;<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND ORDER TO SHOW CAUSE<br><br><br><br><br>Case No. 2:08-CV-361 TS |

## I.  INTRODUCTION

Plaintiff TFG-New Jersey, L.P. moves the Court for an entry of default judgment against

John B. Grant ("Grant") and Priority Outsource, Inc. d/b/a/ GCR Capital ("Priority Outsource")

for their failure to provide their Pretrial Disclosures pursuant to this Court's Scheduling Order.

Grant and Priority Outsource are presently unrepresented parties. On January 4, 2011, counsel for Grant and Priority Outsource moved to withdraw from their representation. The Court granted this request on January 18, 2011.[1] No counsel has yet entered an appearance for either Grant or Priority Outsource.

Pursuant to this Court's most recent Scheduling Order, Grant and Priority's Pretrial Disclosures were due on March 10, 2011.[2] To date, Grant and Priority Outsource have failed to provide their Pretrial Disclosures. On this failure, Plaintiff moves for an entry of default judgment.

## II.  DISCUSSION

Fed.R.Civ.P. 16(f)(1)(c) provides that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a . . . pretrial order."[3] Rule 37(b)(2)(A) provides for certain sanctions, including:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[4]

---

[1]Docket No. 54.

[2]Docket No. 68.

[3]Fed.R.Civ.P. 16(f)(1)(c).

[4]Fed.R.Civ.P. 37(b)(2)(A)(ii)-(vii).

When determining the proper sanction, the Court is to consider a number of factors, including: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[5]

In reviewing the docket, the Court finds that Grant and Priority Outsource have not been previously warned that such noncompliance will result in dismissal. Moreover, the Court notes that the trial date in this matter was recently rescheduled to October 31, 2011. Thus, Plaintiff has suffered little prejudice from Grant and Priority Outsource's delay and any prejudice can be cured prior to the new trial date. Therefore, the Court will deny the Motion for Default Judgment without prejudice.

As discussed previously, Grant and Priority Outsource's counsel was granted leave to withdraw representation on January 18, 2011, and to date, no counsel has yet made an appearance for these defendants. Under DUCivR 83-1.4(b),

> Whenever an attorney withdraws or dies, is removed or suspended, or for any other reason ceases to act as attorney of record, the party represented by such attorney must notify the clerk of the appointment of another attorney or of his decision to appear pro se within twenty (20) days or before any further court proceedings are conducted.

Once Grant and Priority Outsource's counsel was granted leave to withdraw, Grant and Priority Outsource had a duty to inform the Court within twenty days of their intent to proceed. Because Priority Outsource is a corporation, however, its duty under DUCivR 83-1.4(b) is

---

[5]*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

slightly modified. It has long been the law in the Tenth Circuit "that a corporation can appear in a court of record only by an attorney at law."[6] A corporation may not appear "through a non-attorney corporate officer appearing pro se."[7] Thus, while Grant had a duty to inform the Court of either his new counsel or intent to proceed pro se, Priority Outsource had a duty to inform the Court of its new counsel.

To date, Grant and Priority Outsource have failed to comply with DUCivR 83-1.4(b). However, in granting Grant and Priority Outsource's counsel's request to withdraw, the Court failed to warn the defendants of this duty. The Court finds it appropriate to grant these defendants an opportunity to cure this defect and warn defendants that continued failure to comply with this Court's orders and its local rules may result in sanctions, including entry of judgment against them.

### III. CONCLUSION

It is therefore

ORDERED that Grant and Priority Outsource show cause, within twenty (20) days in writing, why they have failed to comply with DUCivR 83-1.4(b) and the Court's pretrial orders and that they inform the Court of their intent to proceed. Grant and Priority Outsource are warned that **failure to do so may result in sanctions, including entry of judgment against them**. It is further

---

[6]*Flora Const. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962).

[7]*Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001).

ORDERED that Plaintiff's Motion for Default Judgment Against Defendants John B. Grant and Priority Outsource, Inc. d/b/a GCR Capital (Docket No. 74) is DENIED WITHOUT PREJUDICE.

DATED   April 6, 2011.

BY THE COURT:

_____

TED STEWART
United States District Judge